# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
Filed: January 14, 2025

| | | |
|---|---|---|
| \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* | | |
| TIMOTHY WALLACE, JR., | \* | UNPUBLISHED |
| | \* | |
| Petitioner, | \* | No. 19-1623V |
| | \* | |
| v. | \* | Special Master Dorsey |
| | \* | |
| SECRETARY OF HEALTH | \* | Decision Based on Stipulation; Tetanus- |
| AND HUMAN SERVICES, | \* | Diphtheria-Acellular-Pertussis ("Tdap") |
| | \* | Vaccine; Meningococcal ("Menactra") |
| Respondent. | \* | Vaccine; Influenza ("Flu") Vaccine; Human |
| | \* | Papillomavirus ("HPV") Vaccine; Acute |
| | \* | Disseminated Encephalomyelitis ("ADEM") |
| | \* | ("ADEM"); Sixth Cranial Nerve ("CN") |
| \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* | | Palsy. |

Ronald Craig Homer, Conway, Homer, P.C., Boston, MA, for Petitioner.
Catherine Elizabeth Stolar, U.S. Department of Justice, Washington, DC, for Respondent.

**DECISION BASED ON STIPULATION**[1]

On October 17, 2019, Timothy Wallace, Jr., ("Petitioner")[2] filed a petition in the National Vaccine Injury Program[3] alleging that he suffered "a neurological injury, including, but not

---

[1] Because this Decision contains a reasoned explanation for the action in this case, the undersigned is required to post it on the United States Court of Federal Claims' website and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc in accordance with the E-Government Act of 2002.  44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services).  **This means the Decision will be available to anyone with access to the Internet.**  In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy.  If, upon review, the undersigned agrees that the identified material fits within this definition, the undersigned will redact such material from public access.

[2] This case was originally filed by Petitioner's parents, Timothy Wallace and Jennifer Wallace, as Petitioner did not meet the age of majority until 2023.

[3] The National Vaccine Injury Compensation Program is set forth in Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755, codified as amended, 42 U.S.C. §§ 300aa-10 to -34 (2018) ("Vaccine Act" or "the Act").  All citations in this Decision to individual sections of the Vaccine Act are to 42 U.S.C.A. § 300aa.

1

limited to, acute disseminated encephalomyelitis ('ADEM') and a sixth cranial nerve ('CN') palsy" as a result of Tetanus-diphtheria-acellular-pertussis ("Tdap") and meningococcal ("Menactra") vaccinations administered on October 24, 2016 and influenza ("flu") and human papillomavirus ("HPV") vaccinations administered on November 8, 2016.  Petition at Preamble (ECF No. 1).

On January 14, 2025, the parties filed a stipulation recommending an award of compensation to Petitioner.  Stipulation (ECF No. 140).  Respondent denies that the vaccines caused Petitioner to suffer from ADEM, a sixth CN palsy, or any other injury, or his current condition.  Nevertheless, the parties agree to the joint stipulation, attached hereto as Appendix A.  The undersigned finds the stipulation reasonable and adopts it as the decision of the Court in awarding damages, on the terms set forth therein.

The parties stipulate that Petitioner shall receive the following compensation:

(1) **A lump sum of $1,500.00, which amount represents compensation for past unreimbursable expenses, in the form of a check payable to Timothy Wallace and Jennifer Wallace;**

(2) **An amount of $83,500.00 to purchase the annuity contract described in paragraph 10 of the Stipulation, paid to the life insurance company from which the annuity will be purchased (the "Life Insurance Company").**

This amount represents compensation for all damages that would be available under 42 U.S.C. § 300aa-15(a).  Stipulation at ¶ 8.

The undersigned approves the requested amount for Petitioner's compensation.  Accordingly, an award should be made consistent with the stipulation.

In the absence of a motion for review filed pursuant to RCFC Appendix B, the Clerk of Court **SHALL ENTER JUDGMENT** in accordance with the terms of the parties' stipulation.[4]

**IT IS SO ORDERED.**

s/Nora B. Dorsey
Nora B. Dorsey
Special Master

---

[4] Pursuant to Vaccine Rule 11(a), entry of judgment is expedited by the parties' joint filing of notice renouncing the right to seek review.

## IN THE UNITED STATES COURT OF FEDERAL CLAIMS
## OFFICE OF SPECIAL MASTERS

| | |
|---|---|
| TIMOTHY WALLACE, JR., ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | No. 19-1623V |
| ) | Special Master Dorsey |
| SECRETARY OF HEALTH ) | ECF |
| AND HUMAN SERVICES, ) | |
| ) | |
| Respondent. ) | |

### STIPULATION

The parties hereby stipulate to the following matters:

1. On October 17, 2019, Timothy Wallace and Jennifer Wallace, parents of Timothy Wallace, Jr. ("petitioner"), filed a petition for vaccine compensation on his behalf under the National Vaccine Injury Compensation Program, 42 U.S.C. §§ 300aa-10 to -34 (the "Vaccine Program").[1] The petition seeks compensation for injuries allegedly related to petitioner's receipt of the Tetanus-diphtheria-acellular-pertussis ("Tdap"), meningococcal, influenza ("flu"), and human papillomavirus ("HPV") vaccinations, which vaccines are contained in the Vaccine Injury Table (the "Table"), 42 C.F.R. § 100.3 (a).

2. Petitioner received his Tdap and meningococcal vaccines on October 24, 2016, and the flu and HPV vaccines on November 8, 2016.

3. The vaccinations were administered within the United States.

4. Petitioner alleges that he suffered from injuries, including acute disseminated encephalomyelitis ("ADEM") and a sixth cranial nerve palsy, allegedly caused by the

---

[1] On September 11, 2024, Timothy Wallace, Jr., was substituted as petitioner after he had reached the age of majority. ECF No. 136.

administration of the Tdap, meningococcal, flu, and HPV vaccines, and that he experienced the residual effects of his injuries for more than six months.

5. Petitioner represents that there has been no prior award or settlement of a civil action for damages on his behalf as a result of his condition.

6. Respondent denies that the vaccines caused petitioner to suffer from ADEM, a sixth cranial nerve palsy, or any other injury, or his current condition.

7. Maintaining their above-stated positions, the parties nevertheless now agree that the issues between them shall be settled and that a decision should be entered awarding the compensation described in paragraph 8 of this Stipulation.

8. As soon as practicable after an entry of judgment reflecting a decision consistent with the terms of this Stipulation, and after petitioner has filed an election to receive compensation pursuant to 42 U.S.C. § 300aa-21(a)(1), the Secretary of Health and Human Services will issue the following vaccine compensation payments:

> a. A lump sum of $1,500.00, which amount represents compensation for past unreimbursable expenses, in the form of a check payable to Timothy Wallace and Jennifer Wallace;
>
> b. An amount of $83,500.00 to purchase the annuity contract described in paragraph 10 below, paid to the life insurance company from which the annuity will be purchased (the "Life Insurance Company").
>
> These amounts represent compensation for all damages that would be available under 42 U.S.C. §300aa-15(a).

9. The Life Insurance Company must have a minimum of $250,000,000.00 capital and surplus, exclusive of any mandatory security valuation reserve. The Life Insurance Company must have one of the following ratings from two of the following rating organizations:

> a. A.M. Best Company: A++, A+, A+g, A+p, A+r, or A+s;
> b. Moody's Investor Service Claims Paying Rating: Aa3, Aa2, Aa1, or Aaa;

2

    c.    Standard and Poor's Corporation Insurer Claims-Paying Ability Rating: AA-, AA, AA+, or AAA;

    d.    Fitch Credit Rating Company, Insurance Company Claims Paying Ability Rating: AA-, AA, AA+, or AAA.

10. The Secretary of Health and Human Services agrees to purchase an annuity contract from the Life Insurance Company for the benefit of petitioner, pursuant to which the Life Insurance Company will agree to make certain lump payments to petitioner for pain and suffering that would be available under 42 U.S.C. §300aa-15(a), as follows:

    a. A certain Lump Sum of $31,213.41 payable on October 9, 2027.

    b. A certain Lump Sum of $36,540.63 payable on October 9, 2030.

    c. A certain Lump Sum of $42,880.25 payable on October 9, 2033.

The purchase price of the annuity described in this paragraph shall neither be greater than nor less than $83,500.00. In the event that the cost of the annuity set forth above varies from $83,500.00, the certain lump sum payable on October, 9, 2033, shall be adjusted to ensure that the total cost of the annuity is neither less nor greater than $83,500.00. The certain lump sum payments provided herein shall be made to petitioner, as set forth above. Should petitioner predecease payment of any of the certain lump sum payments set forth above, said payments shall be made to his estate. However, written notice to the Secretary of Health and Human Services and the Life Insurance Company shall be provided within twenty (20) days of petitioner's death.

11. The annuity contract will be owned solely and exclusively by the Secretary of Health and Human Services and will be purchased as soon as practicable following the entry of a judgment in conformity with this Stipulation. The parties stipulate and agree that the Secretary of Health and Human Services and the United States of America are not responsible for the payment of any sums other than the amounts set forth in paragraph 8 herein and the amounts

3

awarded pursuant to paragraph 13 herein, and that they do not guarantee or insure any of the future annuity payments. Upon the purchase of the annuity contract, the Secretary of Health and Human Services and the United States of America are released from any and all obligations with respect to future annuity payments.

12. The parties stipulate and agree that the annuity payments cannot be assigned, accelerated, deferred, increased, or decreased by the parties and that no part of any annuity payments called for herein, nor any assets of the United States or the annuity company, are subject to execution or any legal process for any obligation in any manner. Petitioner and petitioner's heirs, executors, administrators, successors, and assigns do hereby agree that they have no power or right to sell, assign, mortgage, encumber, or anticipate said annuity payments, or any part thereof, by assignment or otherwise, and further agree that they will not sell, assign, mortgage, encumber, or anticipate said annuity payments, or any part thereof, by assignment or otherwise.

13. As soon as practicable after the entry of judgment on entitlement in this case, and after petitioner has filed both a proper and timely election to receive compensation pursuant to 42 U.S.C. § 300aa-21(a)(1), and an application, the parties will submit to further proceedings before the special master to award reasonable attorneys' fees and costs incurred in proceeding upon this petition.

14. Petitioner and his attorney represent that they have identified to respondent all known sources of payment for items or services for which the Program is not primarily liable under 42 U.S.C. § 300aa-15(g), including State compensation programs, insurance policies, Federal or State health benefits programs (other than Title XIX of the Social Security Act (42 U.S.C. § 1396 et seq.)), or entities that provide health services on a pre-paid basis.

15. Payments made pursuant to paragraph 8 and any amounts awarded pursuant to paragraph 13 of this Stipulation will be made in accordance with 42 U.S.C. § 300aa-15(i), subject to the availability of sufficient statutory funds.

16. The parties and their attorneys further agree and stipulate that, except for any award for attorneys' fees and litigation costs, and past unreimbursable expenses, the money provided pursuant to this Stipulation either immediately or as part of the annuity contract, will be used solely for petitioner's benefit as contemplated by a strict construction of 42 U.S.C. §§ 300aa-15(a) and (d), and subject to the conditions of 42 U.S.C. §§ 300aa-15(g) and (h).

17. In return for the payments described in paragraphs 8 and 13, petitioner, in his individual capacity, and on behalf of his heirs, executors, administrators, successors or assigns, does forever irrevocably and unconditionally release, acquit and discharge the United States and the Secretary of Health and Human Services from any and all actions or causes of action (including agreements, judgments, claims, damages, loss of services, expenses and all demands of whatever kind or nature) that have been brought, could have been brought, or could be timely brought in the Court of Federal Claims, under the National Vaccine Injury Compensation Program, 42 U.S.C. § 300aa-10 et seq., on account of, or in any way growing out of, any and all known or unknown, suspected or unsuspected personal injuries to or death of petitioner resulting from, or alleged to have resulted from, the vaccinations administered on October 24, 2016 and November 8, 2016, as alleged by petitioner in a petition for vaccine compensation filed on or about October 17, 2019, in the United States Court of Federal Claims as petition No. 19-1623V.

18. If petitioner should die prior to entry of judgment, this agreement shall be voidable upon proper notice to the Court on behalf of either or both of the parties.

19. If the special master fails to issue a decision in complete conformity with the terms of this Stipulation or if the Court of Federal Claims fails to enter judgment in conformity with a decision that is in complete conformity with the terms of this Stipulation, then the parties' settlement and this Stipulation shall be voidable at the sole discretion of either party.

20. This Stipulation expresses a full and complete negotiated settlement of liability and damages claimed under the National Childhood Vaccine Injury Act of 1986, as amended, except as otherwise noted in paragraph 13 above. There is absolutely no agreement on the part of the parties hereto to make any payment or to do any act or thing other than is herein expressly stated and clearly agreed to. The parties further agree and understand that the award described in this Stipulation may reflect a compromise of the parties' respective positions as to liability and/or amount of damages, and further, that a change in the nature of the injury or condition or in the items of compensation sought, is not grounds to modify or revise this agreement.

21. Petitioner hereby authorizes respondent to disclose documents filed by petitioner in this case consistent with the Privacy Act and the routine uses described in the National Vaccine Injury Compensation Program System of Records, No. 09-15-0056.

22. This Stipulation shall not be construed as an admission by the United States or the Secretary of Health and Human Services that the vaccines caused petitioner's alleged ADEM or sixth cranial nerve palsy or any other injury or his current condition.

23. All rights and obligations of petitioner hereunder shall apply equally to petitioner's heirs, executors, administrators, successors, and/or assigns.

END OF STIPULATION

/
/
/
/

Respectfully submitted,

**PETITIONER:**

*/s/ Timothy Wallace, Jr.*

TIMOTHY WALLACE, JR.

**ATTORNEY OF RECORD FOR PETITIONER:**

*Ronald C. Homer by Meredith Daniels*
RONALD C. HOMER   Rule 83.1(c)(2)
Conway Homer, P.C.
16 Shawmut Street
Boston, MA 02116
Tel: (617) 695-1990
Email: rhomer@ccandh.com

**AUTHORIZED REPRESENTATIVE OF THE ATTORNEY GENERAL:**

*/s/ Heather Pearlman*
HEATHER L. PEARLMAN
Deputy Director
Torts Branch
Civil Division
U.S. Department of Justice
P.O. Box 146
Benjamin Franklin Station
Washington, DC 20044-0146

**AUTHORIZED REPRESENTATIVE OF THE SECRETARY OF HEALTH AND HUMAN SERVICES:**

Jeffrey S. Beach -S
Digitally signed by Jeffrey S. Beach -S
Date: 2024.12.19 16:02:44 -05'00'
for
CAPT GEORGE REED GRIMES, MD, MPH
Director, Division of Injury
 Compensation Programs
Health Systems Bureau
Health Resources and Services
 Administration
U.S. Department of Health
 and Human Services
5600 Fishers Lane, 08W-25A
Rockville, MD 20857

**ATTORNEY OF RECORD FOR RESPONDENT:**

*/s/ Catherine E. Stolar*
CATHERINE E. STOLAR
Trial Attorney
Torts Branch
Civil Division
U.S. Department of Justice
P.O. Box 146
Benjamin Franklin Station
Washington, DC 20044-0146
Tel: (202) 353-3299
Email: catherine.stolar@usdoj.gov

Dated: 1/14/2025

7